UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESHOME WORKAGEGNEHU,<br>6301 Frenchmans Drive, Apt. 104<br>Alexandria, Virginia 22312<br><br>PLAINTIFF,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY,<br>600 5th Street, NW<br>Washington, D.C. 20001<br><br>PAUL J. WIEDEFELD<br>General Manager<br>Washington Metropolitan Area Transit Authority<br>600 5th Street, NW<br>Washington, DC 20001<br><br>MARTIN VAN BUREN<br>7503 Healy Place<br>Upper Marlboro, Maryland 20772<br><br>DEFENDANTS. | CIVIL ACTION NO. **1:18-cv-00526-ABJ**<br><br><br><br>March 25, 2019 |

### **PLAINTIFF'S RESPONSE TO THE COURT'S MARCH 11, 2019 ORDER**

On March 11, 2019, this Court issued an Order requiring that Plaintiff show cause as to why the case against Defendant Martin Van Buren should not be dismissed for failure to properly serve defendant within 90 days of filing the complaint as required under Federal Rules of Civil Procedure 4(m).

Rule 4(m) Fed. R. Civ. P. states "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a

1

specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff has made a good faith effort to serve defendant Martin Van Buren within 90 days of filing the complaint in this case.  The complaint in this case was filed on March 7, 2018.  Plaintiff's attorney received three summonses from the Clerk of Court for the United States District Court for the District of Columbia on March 12, 2018.

After Plaintiff's attorney received the three summonses for defendants Washington Metropolitan Transit Authority (WMATA), Paul Wiedefeld and Martin Van Buren, on March 13, 2018, he mailed a summons with a copy of the complaint, by U.S. postal service, certified mail restricted delivery, to each defendant.  Two of the summonses with copies of the complaint were sent to the WMATA headquarters office at 500 6th Street, N.W., Washington, D.C. 20001: one for the WMATA attorney general and the second for Paul Weidenfeld, WMATA General Manager.  The third summons and complaint were mailed to defendant Martin Van Buren's last known home address. (Exhibit A).

Plaintiff's attorney mailed a copy of the summons and complaint to defendant Martin Van Buren's last known address by certified mail restricted delivery rather than attempting to serve defendant Van Buren at WMATA's workplace after he learned that defendant Van Buren no longer worked in WMATA AFC (Automatic Fare Collection) unit where both Plaintiff and Van Buren had worked at the time Plaintiff was assaulted.  Defendant Van Buren apparently left WMATA at some point between the time he physically assaulted Plaintiff and the time the instant suit was filed on March 7, 2018.

Service was made on defendant Paul Wiedefeld on March 16, 2018 and Plaintiff subsequently received the return receipt copy of the service on Mr. Weidefeld. (Exhibit B). Since Plaintiff did not receive a return receipt for defendant Van Buren in or around the time he received the return receipt for Mr. Wiedefeld, Plaintiff's attorney called the U.S. post office to inquire about the status of service on defendant Van Buren.  The U.S. postal clerk stated that an attempt had been made to serve Van Buren at his home on March 17, 2018, but it was unsuccessful. (Exhibit A, A-1).  Plaintiff asked the postal clerk if the postal service could make a second attempt and the clerk stated that it would.

The U.S. postal service made two additional attempts, on April 25 and May 10, 2018, to serve the summons and complaint on defendant Van Buren and they were also unsuccessful. Notices were also left at Van Buren's home on April 25, 2018 and May 10, 2018. (Exhibit C) Plaintiff's attorney traveled to Washington, D.C. sometime in or after May 2018 to retrieve the envelope containing the summons and complaint for Van Buren from the post office.

Thus, Plaintiff made a good faith effort to serve defendant Van Buren, by certified mail restricted delivery, at his home on three occasions.  Plaintiff's attorney also traveled to the U.S. Post Office in Waldorf, Maryland, and Washington, D.C., respectively.  In addition, Plaintiff's attorney made several telephones calls to speak with postal clerks to ascertain the status of the service of process on defendant Van Buren and to prod the postal clerks to re-serve defendant Van Buren.

Since Plaintiff had and continues to have limited financial resources, and because the on-going litigation between WMATA and plaintiff intensified after defendant WMATA filed a motion to dismiss the complaint with prejudice on April 5, 2018, Plaintiff began to devote his

scarce resources to the litigation against WMATA, a large company, so that he could challenge WMATA's motion to dismiss and remain in Court.

District courts have allowed Plaintiffs to serve process, under Rule 4, Fed. R. Civ. P. beyond 120 days (or presently 90 days) in instances in which Plaintiff seeks to remedy civil rights and personal injury claims and defendant will suffer no prejudice. *Baptiste v. Cavenish Club, Inc.*, 670 F. Supp. 108, 109 (1987). District courts have also ruled that a Plaintiff should not have to suffer from mistakes of his attorney when pursuing civil rights or personal injury claims. *Id.* at 109.

Litigation against WMATA has been on-going since March 2018. Plaintiff continues to seek a civil remedy against defendant Van Buren for physically assaulting him on the job which resulted in chronic personal injury. Granting plaintiff additional time to serve defendant Van Buren would not prejudice Van Buren since no discovery has commenced and he would have the opportunity to appear in court to defend himself. Moreover, allowing Plaintiff additional time to serve defendant Van Buren would also be in the best interest of justice.

Thus, Plaintiff respectfully requests that the Court grant Plaintiff an additional 45 days to find and serve defendant Martin Van Buren. If the Court should permit this case to proceed, Plaintiff intends to use a professional server to find and serve Defendant Van Buren.

## **CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests that the Court allow Plaintiff an additional 45 days to serve defendant Van Buren.

Respectfully submitted,

By:

_____/S/_____
Larry G. Ward, Esquire
D. C. Bar No. 419105
2 Massachusetts Avenue, N.E.
Washington, D.C. 20002
Telephone: 301-325-2468
larryoflegacy@gmail.com

## CERTIFICATE OF SERVICE

I, Larry G. Ward, hereby certify that on this 25th day of March, I caused the foregoing to be served on Defendant's counsel by electronic mail.