UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TESHOME WORKAGEGNEHU,<br>6301 Frenchmans Drive, Apt. 104<br>Alexandria, Virginia 22312<br><br>     PLAINTIFF,<br><br>  v.<br><br><br><br><br><br><br><br>MARTIN VAN BUREN<br>7503 Healy Place<br>Upper Marlboro, Maryland 20772<br><br><br>    DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. **1:18-cv-00526-ABJ**

May 22, 2019

## PLAINTIFF'S RESPONSE TO THE COURT'S APRIL 4, 2019 MINUTE ORDER

On April 4, 2019, this Court issued a Minute Order requiring that Plaintiff effectuate service upon Defendant and brief the question of why venue is proper by May 17, 2019.

After the Court's Order, Plaintiff promptly located a professional process server which effectuated service upon Defendant Van Buren on April 18, 2019. After receiving a certified copy of the process server's Affidavit, Plaintiff promptly filed it with the Court on April 30, 2019. (Dkt.# 25) Thus, Plaintiff effectuated service upon Defendant by May 17, 2019.

Venue is proper in this case. Venue protects defendants against the risk that the plaintiff will select an unfair or unduly inconvenient place for trial. *Belden Techs., Inc. v. LS Corp.,* 626 F. Supp. 2d 448, 454 (D. Del. 2009). When Plaintiff filed suit in this case, he was aware that it

1

was his obligation to institute this action in a permissible forum and did so. *Crowley v. Napolitano*, 925 F. Supp. 2d 89, (2013).

When Plaintiff initially filed this suit on March 7, 2018, he alleged venue under 28 U.S.C. §1391(b) because the WMATA headquarters and principal place of business is located in Washington, D.C.  That venue for purposes of the instant case should stand inasmuch as it has not been formally and properly challenged by Defendant and it was brought in the appropriate forum.  The records relevant to Plaintiff's assault allegations are located in the District of Columbia in WMATA headquarters and law offices.  These offices contain the work records and histories of both Plaintiff and Defendant.  The Metro Transit Police Department's records and video of the physical assault are located there.  Immediately after the assault, Plaintiff was taken to George Washington Hospital in the District of Columbia where he was first medically evaluated and placed under observation for nearly two days.  WMATA employees who witnessed the assault are supervised from WMATA headquarters.  It is also our understanding that Defendant has now obtained another job in the District of Columbia.

Under Rule 12(h)(1) Fed. R. Civ. P., venue challenges are waived unless raised by motion (if there is one) or in the responsive pleading. See *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) (venue waived if not timely raised); *Automobile Mechanics Local 701 Welfare and Pension Funds v Vanguard Car Rental USA, Inc.*, 502 F. 3d 740, 746 (7th Cir. 2007).

Plaintiff received Defendant Van Buren's answer to Plaintiff's complaint on May 7, 2019. (Dkt. 26)  In Defendant's answer, he failed to challenge Plaintiff's allegation of venue. Thus, since Defendant Van Buren has not challenged Plaintiff's assertion of venue either in his responsive pleading or by motion, it has been waived under Rule 12(h) Fed R. Civ. P., *Wachovia*

*Bank, id.*; *Ennenga v. Starns*, 677 F. 3d 766, 773 (7th Cir. 2012)(untimely raised personal

jurisdiction, venue, process, or service objections are waived).

Once the Rule 12 motion period and the responsive pleading time have passed, an

otherwise "waived" venue defense cannot ordinarily be raised by the court on its own initiative;

*sua sponte* venue dismissals are ordinarily improper. *Automobile Mechanics Local 701 Welfare*

*and Pension Funds v Vanguard Car Rental USA, Inc.*, 502 F. 3d 740, 746-47 (7th Cir. 2007).

Thus, based on the foregoing, Plaintiff has proper venue in the instant case.


Respectfully Submitted,


Larry G. Ward
D.C. Bar No. 419105
P. O. Box 1137
2 Massachusetts Ave., N.E.
Washington, D.C. 20002
T: 301-325-2468
E: larryoflegacy@gmail.com

Attorney for Plaintiff

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22 day of May 2019, I caused the foregoing to be served on

the below named Defendant by U.S. mail certified delivery and electronic mail.


Mr. Martin V. Buren
7503 Healy Place
Upper Marlboro, Maryland 20772



Larry G. Ward
D.C. Bar No. 419105
P. O. Box 1137
2 Massachusetts Ave., N.E.
Washington, D.C. 20002
T: 301-325-2468
E: larryoflegacy@gmail.com

Attorney for Plaintiff