## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TESHOME WORKAGEGNEHU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 18-0526 (ABJ) |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY, *et al.*, | ) | ORAL HEARING REQUESTED |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MARTIN VAN BUREN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6)

The Virginia Workers' Compensation Act ("VWCA" or "Act") contains an exclusivity provision that prohibits an injured employee from recovering more than once against an employer or a co-employee for any alleged injuries that arose out of the course of employment. In other words, once an injured employee is afforded relief under the VWCA, that employee forfeits his or her right to pursue any other relief against any other party for the same injury. Given that plaintiff, Teshome Workagegnehu, has already received relief under the VCWA for the injuries alleged in his complaint, he cannot use this forum to double dip against Martin Van Buren. The Court should enforce the VWCA's exclusivity provision and dismiss the case for lack of subject matter jurisdiction.

Alternatively, this Court lacks personal jurisdiction over Mr. Van Buren and is an improper venue for plaintiff's case. Plaintiff alleges that Mr. Van Buren is domiciled in Maryland. Mr. Van Buren confirms this, and thus there can be no general personal jurisdiction where he has no continuous and systematic contacts with the District of Columbia. Plaintiff also alleges that the

altercation between him and Mr. Van Buren occurred in Virginia.  This allegation strips the Court of specific personal jurisdiction as no tortious injury occurred in the District of Columbia and renders venue here improper as almost all the events that led to plaintiff's claims against Mr. Van Buren occurred elsewhere (specifically, the Eastern District of Virginia).  Considering plaintiff's allegations, the Court should decline to exercise personal jurisdiction or bar plaintiff from proceeding against Mr. Van Buren in DC.

To the extent the Court does not dismiss the complaint in its entirety, the Court should at least dismiss plaintiff's intentional infliction of emotional distress claim.  Plaintiff has pleaded neither outrageous and intolerable conduct from Mr. Van Buren nor any severe emotional distress, let alone physical injury manifesting from that stress.

In sum, the Court should dismiss plaintiff's case against Mr. Van Buren for lack of subject matter jurisdiction, personal jurisdiction, or venue.  If the case proceeds against Mr. Van Buren, then the Court should at least dismiss the intentional infliction of emotional distress claim.

I.      **BACKGROUND**

A.      **Factual Background**

The following allegations are derived from plaintiff's complaint.  *See generally* First Amended Complaint and Jury Demand (Dkt. No. 6) ("Am. Compl.") at 1–19.  Plaintiff is employed as a mechanic for the Washington Metropolitan Area Transit Authority ("WMATA").  *Id.* ¶ 10.  On the afternoon of March 8, 2017, plaintiff arrived at the Pentagon metro station *in Virginia* for work.  *Id.* ¶ 15.  Later that afternoon, Mr. Van Buren, another WMATA employee—who *resided in Maryland*—arrived for work at the Pentagon metro station.  *Id.* ¶¶ 14, 19.  Mr. Van Buren was the station manager at that time.  *Id.* ¶ 14.  During work that afternoon, a physical altercation ensued between plaintiff and Mr. Van Buren.  *See id.* ¶¶ 21–43.  Plaintiff was subsequently treated

at a hospital for alleged injuries. *See id.* ¶¶ 47–50. As a result of the altercation, plaintiff suffered alleged "physical and emotional injuries." *Id.* ¶ 51; *see also id.* ¶ 97 (alleging injuries include "physical pain and emotional distress, financial harm, public humiliation, insomnia, depression and anxiety").

While plaintiff's lawsuit was pending before the Court, plaintiff pursued monetary relief from WMATA for his alleged injuries from the Virginia Workers' Compensation Commission ("Commission"). *See* March 11, 2019 Memorandum Opinion (Dkt. No. 16) ("Mem. Op.") at 3–4 (citing Virginia Workers' Compensation Commission Order (Dkt. No. 8-2)). For the alleged injuries sustained on March 7, 2018, the Commission awarded plaintiff disability benefits and indefinite medical benefits. *See id.* Given the award, the Commission dismissed any remaining, unresolved claims with prejudice. *See id.*

Mr. Van Buren currently resides in Maryland. *See* Affidavit of Martin Van Buren ("Van Buren Aff.") ¶¶ 1–2; *see also* Am. Compl. ¶ 14. Mr. Van Buren retired from WMATA in March 2017 and has not been employed since then. Van Buren Aff. ¶ 4. He consequently has no principal place of business in DC. *Id.* ¶¶ 3–4.

## B. Procedural Posture

Plaintiff filed this civil action against WMATA, Paul J. Wiedefeld in his official capacity as General Manager of WMATA, and Mr. Van Buren in March 2018. *See generally* Complaint and Jury Demand (Dkt. No. 1) at 1–18. Plaintiff asserted claims of assault, battery, and intentional infliction of emotional distress ("IIED") against all defendants. *See id.* at 14–18. The Court afforded plaintiff leave to file an amended complaint, despite his delay in doing so. *See* April 27, 2018 Minute Order; *see also* Am. Compl. at 1–19. Co-defendants WMATA and Mr. Wiedefeld subsequently filed a motion to dismiss that was opposed. *See, e.g.*, Mem. Op. at 1–2. The Court

granted that motion, dismissing the complaint against both defendants because the Virginia Workers' Compensation Act, Va. Code Ann. §§ 65.2-300–1206 (2018), has an exclusivity provision that precluded relief. *See id.* at 10–14. Shortly after the Court's ruling, the Court also ordered plaintiff to show cause as to why the complaint against Mr. Van Buren should not be dismissed for lack of proper venue. *See* April 2, 2019 Minute Order. Plaintiff contended in response that venue in the District of Columbia (or "DC") was proper because there is relevant evidence and witnesses here. *See* Plaintiff's Response to the Court's April 4, 2019 Minute Order (Dkt. No. 27) ("Pl.'s Venue Resp.") at 2.

Further, Mr. Van Buren did not have an opportunity to join the other co-defendants' motion as plaintiff had not yet served him with the amended complaint at that time. Mem. Op. at 4 n.1. Plaintiff eventually did, and Mr. Van Buren filed informal, pro se responses to the complaint. *See* May 31, 2019 Letter to Court (Dkt. No. 28); May 7, 2019 Letter to Court (Dkt. No. 26). The Court eventually ordered the Clerk of the Court ("Clerk") to appoint pro bono counsel for Mr. Van Buren. *See* October 30, 2019 Minute Order. The Court also ordered pro bono counsel to file any motion to dismiss within 30 days of making an entry of appearance. *See id.* The Clerk appointed Kobre & Kim LLP as pro bono counsel for Mr. Van Buren on January 30, 2019, and Mr. Van Buren subsequently consented to the appointment. Pursuant to the Court's Order, Mr. Van Buren files this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).

## II. LEGAL STANDARDS

Generally, on a motion to dismiss pursuant to Fed. R. Civ. P. 12, a court must accept as true all well-pleaded factual allegations in the complaint. *E.g.*, *Gulf Coast Mar. Supply, Inc. v. United States*, 867 F.3d 123, 128 (D.C. Cir. 2017). It must also "disregard any legal conclusions, legal contentions couched as factual allegations, and unsupported factual allegations within the

complaint." *Id.* (citing *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

When a party specifically seeks dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Id.* (quoting *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).  The plaintiff bears the burden of demonstrating subject matter jurisdiction by a preponderance of the evidence.  *E.g.*, *Lawrence v. District of Columbia*, No. 18-CV-00595 (ABJ), 2019 WL 1101329, at *2 (D.D.C. Mar. 8, 2019) (citations omitted).

Similarly, when a party seeks dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the "plaintiff bears the burden of establishing personal jurisdiction" and "must make a prima facie showing of the pertinent jurisdictional facts." *Dumitrescu v. DynCorp Int'l, LLC*, 257 F. Supp. 3d 13, 17 (D.D.C. 2017) (Jackson, J.) (first citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); then citing *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)).  In doing so, the plaintiff "'cannot rely on conclusory allegations' to establish personal jurisdiction." *Id.* (quoting *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003)).  In scrutinizing jurisdiction, the court may consider relevant materials outside of the complaint, including affidavits and need not accept all of plaintiff's jurisdictional allegations as true.  *See FutureGen Co. v. Carter*, 915 F. Supp. 2d 104, 106–07 (D.D.C. 2013) (Jackson, J.).

Likewise, when a venue's propriety is challenged under Fed. R. Civ. P. 12(b)(3), the plaintiff bears the burden of demonstrating that venue is proper. *Id.* (citing *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)).  In considering a venue challenge, the court "may consider material outside of the pleadings." *Id.* (citing *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C.

5

2002)).

Finally, pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss any claim in the complaint for which relief cannot be granted.  In assessing such a motion, the court may, in addition to the well-pleaded factual allegations in the complaint, consider "documents attached as exhibits or incorporated by reference in the complaint, and matters about which the [c]ourt may take judicial notice."  *Demisse v. Medstar Wash. Hosp. Ctr.*, No. 18-CV-02223 (ABJ), 2020 WL 491458, at *2 (D.D.C. Jan. 30, 2020) (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)).

## III.   ARGUMENT

### A.   The Court Lacks Subject Matter Jurisdiction Because the Exclusivity Provision of the VWCA Bars Plaintiff from Seeking Relief in Federal Court.

Plaintiff is barred from filing suit against Mr. Van Buren for the alleged altercation in March 2017 because plaintiff has already received relief under the VWCA.  As this Court has recognized, the VWCA contains an exclusivity provision that is applicable to plaintiff.  *See* Mem. Op. at 11 (citing Va. Code Ann. §§ 65.2–300, 307(A)).  Under this provision, once an employee covered by the Act receives relief for an alleged injury (e.g., one brought about by a co-worker) through the Act's compensation scheme, the exclusivity provision forbids that employee from seeking additional relief for that *same injury*.  *See id.* (citing Va. Code Ann. § 65.2–307(A)).  In other words, "[t]he exclusivity rule provides that when an employee is eligible for remedy under the Act, he or she may not seek any other remedy against the employer *or his fellow employees*." *Jones v. Commonwealth*, 591 S.E.2d 72, 74 (Va. 2004) (emphasis added); *see also Harris v. Freight Handlers, Inc.*, No. 19-CV-00003 (JPJ), 2019 WL 5865624, at *5 (W.D. Va. Nov. 8, 2019) ("The Act states that an injured employee whose injury is covered by the Act cannot recover against his employer *or co-employee* in a common-law action." (emphasis added) (citations

6

omitted)); *Fijalkowski v. Wheeler*, 361 F. Supp. 3d 577, 594 (E.D. Va. 2019) ("VWCA provides the exclusive remedy for all claims by an employee against an employer *or fellow employee* for any injury that 'is the result of an accident and arises out of and in the course of the employment.'" (emphasis added) (footnote omitted) (quoting Va. Code Ann. §§ 65.2–101, 307)); *Jones v. Kroger Ltd. P'ship I*, 80 F. Supp. 3d 709, 718 (W.D. Va. 2015) ("The VWCA thus 'precludes an employee from bringing common law personal injury claims against *a co-employee* or employer for injuries sustained during the course of employment.'" (emphasis added) (quoting *Miller v. Wash. Workplace, Inc.*, 298 F. Supp. 2d 364, 371 (E.D. Va. 2004))); *Salazar v. Ballesteros*, 981 F. Supp. 960, 964 (E.D. Va. 1997) ("Under the Virginia Workers' Compensation Act, the immunity from actions at law for personal injuries given an employer with workers' compensation insurance has been *extended to protect the employer's employees from action in tort by co-employees*." (emphasis added) (citation omitted)), *rev'd on other grounds*, 17 F. App'x 129 (4th Cir. 2001). "An injury is subject to the exclusivity provision of the Act if it is the result of an accident and arises out of and in the course of the employment." *Combs v. Va. Elec. & Power Co.*, 525 S.E.2d 278, 281 (Va. 2000) (quoting *Richmond Newspapers, Inc. v. Hazelwood*, 457 S.E.2d 56, 58 (Va. 1995)). "Thus, the critical inquiry . . . is whether [the] injury was (1) an injury by accident, (2) arising out of, (3) and in the course of, her employment." *Id.* (citations omitted).

An "injury by accident" merely requires that a tort occur at a place and time in the course of employment.[1] *See Morris v. Morris*, 385 S.E.2d 858, 865 (Va. 1989). The "injury by accident" can be an *intentional tort by a colleague or co-worker*. *See Joyce v. A.C. & S., Inc.*, 785 F.2d 1200, 1206 n.11 (4th Cir. 1986) ("[The Virginia Supreme Court] has determined that injuries

---

[1] "Virginia state law applies" to this case. Mem. Op. at 11 (citations omitted). And the Court has already concluded that an "injury by accident" can include a physical assault. *Id.* at 12 (citing *Butler v. S. States Co-op., Inc.*, 620 S.E.2d 768, 772 (Va. 2005)).

resulting from the intentional acts of third persons or fellow employees may be considered 'accidental' within the meaning of the Act, provided they arise in the course of employment." (citing *Cont'l Life Ins. Co. v. Gough*, 172 S.E. 264, 266 (Va. 1934))); *Miller*, 298 F. Supp. 2d at 371 ("The [A]ct covers injuries caused by an intentional or willful assault upon an employee *by a co-worker or a third party*."); *Sutter v. First Union Nat'l Bank of Va., Inc.*, 932 F. Supp. 753, 758 (E.D. Va. 1996) (noting that an "injury by accident" includes "injuries caused by an intentional or willful assault upon an employee by a co-worker" (citations omitted)); *Haigh v. Matsushita Elec. Corp. of Am.*, 676 F. Supp. 1332, 1352–54 (E.D. Va. 1987); *Jefferson v. Georgia-Pacific Corp.*, No. 84-CV-0505 (RRM), 1985 WL 17883, at *2 (E.D. Va. May 24, 1985) ("[T]he fact that an injury is the result of intentional conduct—including an assault—by a third person or fellow employee does not preclude it from falling within the Act."). An "accident arises out of the employment if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done." *Butler*, 620 S.E.2d at 772; *see also Hilton v. Martin*, 654 S.E.2d 572, 574–75 (Va. 2008) ("An injury resulting from an assault arises out of the injured person's employment when it is *directed at the victim as an employee*." (emphasis added)).

Here, plaintiff's alleged injury is subject to the exclusivity provision of the VWCA. Plaintiff alleges that Mr. Van Buren assaulted and battered plaintiff while they were both on duty at the Pentagon metro station. Am. Compl. ¶¶ 14, 15, 19, 21–43. And the alleged altercation "arose out of [plaintiff's] employment because [it] arose from a purely work-related subject—the scope of plaintiff's work duties"—while he was on duty at the Pentagon metro station. Mem. Op. at 13 (citing *Sutter*, 932 F. Supp. at 759); *Hilton*, 654 S.E.2d at 574–75; *see also* Am. Compl. ¶¶ 21–43.[2] Therefore, the Court should dismiss the case against Mr. Van Buren with prejudice for

---

[2] The same rationale that the Court relied upon to dismiss plaintiff's complaint against the other

lack of subject matter jurisdiction.[3]

**B.    The Court Lacks Personal Jurisdiction Over Mr. Van Buren Because He Has No Continuous and Systematic Ties with DC and the Alleged Altercation Occurred in Virginia.**

The Court does not have personal jurisdiction over Mr. Van Buren because he resides in Maryland and the alleged altercation occurred in Virginia.  "There are two types of personal jurisdiction: 'general or all-purpose jurisdiction, and specific or case-linked jurisdiction.'" *Dumitrescu v. DynCorp Int'l, LLC*, 257 F. Supp. 3d 13, 17–18 (D.D.C. 2017) (Jackson, J.) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  "General jurisdiction applies regardless of the nature of the claim, but it is only available based on 'a limited set of affiliations with a forum.'" *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 17–18 (quoting *Daimler*, 571 U.S. at 137).  "When subject matter jurisdiction is based on diversity, this Court's 'personal jurisdiction over a defendant is coextensive with that

---

co-defendants applies with equal force to Mr. Van Buren. *See, e.g.*, *Burlington Ins. Co. v. Okie Dokie, Inc.*, 439 F. Supp. 2d 124, 132 (D.D.C. 2006).  While the law of the case doctrine does not apply to interlocutory orders, the principle underlying that doctrine—i.e., once a court decides upon a rule of law, that decision should continue to govern the same issues as the case progresses—should still be applied here as the other co-defendants and Mr. Van Buren, under the circumstances presented here, stand in the same shoes.

[3]  Relying on the exclusivity provision, the Court dismissed the complaint against the other co-defendants for failing to state a claim for which relief can be granted. *See* Mem. Op. at 14.  There appears to be conflicting authority as to whether a dismissal due to the VWCA's exclusivity provision is properly characterized as a dismissal pursuant to Rule 12(b)(1) or Rule 12(b)(6). *See Scott v. CG Bellkor, LLC*, No. 15-CV-768, 2017 WL 1157867 (MHL), at *7 n.12 (E.D. Va. Mar. 27, 2017) (discussing split of authority), *aff'd*, 711 F. App'x 158 (4th Cir. 2018).  While Mr. Van Buren seeks dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal for failure to state a claim can also be appropriate for the same reasons. *See id.* (explaining that outcome under both Rule 12(b)(1) and Rule 12(b)(6) would be the same where the exclusivity provision of the VWCA bars a lawsuit).

of a District of Columbia court.'" *Id.* at 18 (quoting *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004)). Thus, general jurisdiction over an individual exists if the individual either maintains a principal place of business in DC or is "domiciled in" DC. *Id.* (quoting D.C. Code § 13–422).

On the other hand, specific jurisdiction over a non-resident individual can only exist if there is a connection between that the individual and the forum state. *See id.* at 18. Assertion of specific jurisdiction requires a two-party inquiry: (1) "whether jurisdiction is applicable under the state's long-arm statute" (D.C. Code § 13–423); and (2) if so, whether the exercise of jurisdiction would comport with "the constitutional requirements of due process." *Id.* (quoting and citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

Here, the Court has neither general nor specific personal jurisdiction over Mr. Van Buren. There is no general jurisdiction because Mr. Van Buren neither maintains a principal place of business in DC nor is domiciled in DC. Van Buren Aff. ¶¶ 1–4; *see also* Am. Compl. ¶ 14 (alleging that Mr. Van Buren lives in Maryland).[4] Mr. Van Buren is retired and living in Maryland. Van Buren Aff. ¶¶ 2–4. There is also no specific jurisdiction because the alleged altercation occurred at the Pentagon metro station, which is in Virginia. *See* D.C. Code § 13–423(a)(3), (4) (tortious injury must have occurred in DC). The Court should, therefore, dismiss plaintiff's complaint against Mr. Van Buren with prejudice for lack of personal jurisdiction.

      **C.**      **Venue is Improper in DC Because the Alleged Altercation Occurred in Virginia.**

---

[4] In response to the Court's order to show cause as to why venue is proper as to the case against Mr. Van Buren, plaintiff asserted that Mr. Van Buren has "[a] job in the District of Columbia" *without any support*. Absent any indication as to the basis of the assertion, plaintiff appears to have failed to conduct a reasonable inquiry into Mr. Van Buren's employment status. *See* Fed. R. Civ. P. 11(b).

This Court does not present a proper venue for resolution of plaintiff's case against Mr.

Van Buren.  Under 28 U.S.C. § 1391, a civil action may only be brought in:

> (1)    a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;
> (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3) (2018).

Here, subsection (b)(1) does not provide a basis for venue in DC because not all defendants

reside in DC—at least Mr. Van Buren resides in Maryland.  Subsection (b)(3) likewise provides

no basis because there is another district in which plaintiff could have brought a case against Mr.

Van Buren—the Eastern District of Virginia.  Indeed, the Eastern District of Virginia is where "a

substantial part of the events" that led to plaintiff's battery, assault, and IIED claims occurred.  28

U.S.C. § 1391(b)(2).  Again, the alleged altercation occurred entirely at the Pentagon metro station.

Am. Compl. ¶ 15.  DC is thus an improper venue for plaintiff's action against Mr. Van Buren.

Plaintiff insists that venue is proper here because potentially relevant evidence and

witnesses to plaintiff's claims are located in DC and because he was treated at a local hospital.

*See* Pl.'s Venue Resp. at 2.  Such considerations, however, are irrelevant as to whether venue is

proper.  *See, e.g.*, *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 407 (D.D.C. 2017) ("[W]hile

convenience of parties and witnesses plays a role in a transfer under Section 1404(a), these

considerations are irrelevant to this case, where the plaintiff's complaint has . . . simply been filed

in the wrong venue." (internal quotation marks omitted)); *Abramoff v. Shake Consulting, L.L.C.*,

288 F. Supp. 2d 1, 4 (D.D.C. 2003) ("[B]ecause the general-venue statute protects the defendant,

courts often focus on the relevant activities of the defendant, rather than the plaintiff, in

11

determining where a substantial part of the underlying events occurred." (citing *Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003))). What controls the venue inquiry is where "a substantial part of the events . . . giving rise to" plaintiff's claims occurred. 28 U.S.C. § 1391(b)(2). And that indisputably is the Eastern District of Virginia. In sum, the Court should dismiss plaintiff's case against Mr. Van Buren with prejudice for lack of venue.

> **D.     At a minimum, the Court Should Dismiss the IIED Claim Because Mr. Van Buren Did Not Engage in Outrageous and Intolerable Conduct and Plaintiff Has No Emotional Injuries.**

Were plaintiff's case against Mr. Van Buren to proceed, this Court should at least dismiss the IIED claim as there are no allegations that Mr. Van Buren intended to inflict emotional distress through the alleged altercation. As explained by the Virginia Supreme Court, an IIED claim requires the following:

> *One,* the wrongdoer's *conduct was intentional or reckless.* This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. *Two,* the *conduct was outrageous and intolerable* in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. *Three,* there was a *causal connection between the wrongdoer's conduct and the emotional distress. Four,* the emotional *distress was severe.*

*Ruth v. Fletcher*, 377 S.E.2d 412, 412–13 (Va. 1989) (emphasis in original) (citing *Womack v. Eldridge*, 210 S.E.2d 145, 148 (Va. 1974)). Under Virginia law, an IIED claim is "not favored." *Id.* at 415 (quoting *Bowles v. May*, 166 S.E. 550, 557 (Va. 1932)).

Here, even when plaintiff's allegations are construed favorably for him, he has not sufficiently alleged an IIED claim. First, plaintiff has not alleged that Mr. Van Buren "had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result." *Ruth*, 377 S.E.2d at 413.

The alleged altercation arose from a verbal disagreement as to plaintiff's scope of duties at the Pentagon metro station—*not* because Mr. Van Buren sought to inflict emotional distress upon plaintiff. *See, e.g.*, Mem. Op. at 13; *see also* Am. Compl. ¶¶ 21–39. And Mr. Van Buren could not have known that the alleged altercation could have resulted in any emotional distress to plaintiff as they had never previously met. *E.g.*, Mem. Op. at 13. Plaintiff only alleges that because there was (an alleged) assault and battery, then Mr. Van Buren must have also intended to inflict emotional distress. Am. Compl. ¶ 95 ("unprovoked illegal physical attack . . . constitutes [IIED]"). But "[i]ntentionally or recklessly taking actions do[es] not amount to intentionally or recklessly inflicting emotional distress." *Crittendon v. Arai Americas, Inc.*, No. 13-CV-567 (RGD), 2014 WL 31490 (RGD), at *6 (E.D. Va. Jan. 3, 2014).

Second, the alleged altercation was not "outrageous and intolerable" to the point that the Court can legally deem it as offensive to "accepted standards of decency and morality." *Ruth*, 377 S.E.2d at 413. At most, this was a verbal spat between colleagues that unnecessarily (and regrettably) escalated into a fist fight. *See, e.g.*, Am. Compl. ¶¶ 21–39. It is not the type of morally repugnant conduct captured by an IIED claim. *See Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991) ("Under the second prong, it is insufficient for a defendant to have 'acted with an intent which is tortious or even criminal.' Even if a defendant 'has intended to inflict emotional distress,' or his conduct can be 'characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort,' the requirement of the second prong has not been satisfied. 'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" (quoting Restatement (Second) of Torts § 46 cmt. d (1965))); *see also Dao v. Faustin*, 402 F. Supp. 3d 308, 320 (E.D. Va. 2019)

("[This] prong is seldom met by plaintiffs under Virginia law." (quoting *Crittendon*, 2014 WL 31490 (RGD), at *6)); *Hammond v. Morley*, No. 11-CV-53 (HEH), 2011 WL 2681231, at *4 (E.D. Va. July 8, 2011) ("[Pleading outrageous conduct] is a high hurdle to clear and [Plaintiff's] allegations—that he was assaulted by officers who used excessive force against him and wrongfully arrested him—do not constitute the type of outrageous and extreme behavior required to support a claim for [IIED] under Virginia law.").

Third, plaintiff has not alleged a causal connection between any "outrageous" conduct and emotional distress. *Ruth*, 377 S.E.2d at 413; *see also Harsy v. Mid-Am. Apartment Communities, Inc.*, No. 17-CV-87 (LO), 2017 WL 2728034, at *7 (E.D. Va. June 22, 2017) ("The 'outrageous' prong is a very high standard." (citing *Ruth*, 377 S.E.2d at 413)). Again, while there was allegedly a physical altercation between plaintiff and Mr. Van Buren, nothing arose to a level of "outrageousness" to sustain an IIED claim. Further, plaintiff has only pleaded a legal conclusion as to a causal connection, which is no substitute for factual allegations that plausibly link the altercation to any emotional injuries. *Compare, e.g.*, *Crittendon*, 2014 WL 31490 (RGD), at *6 (finding plaintiff offered only a "legal conclusion" and no causal connection when alleging that "as a result of Defendants' behavior[,] [p]laintiff has experienced severe emotional distress" (alteration, citation, and ellipses omitted)), *with* Am. Compl. ¶ 97 ("Martin Van Buren's intentional, outrageous and reckless conduct directly caused [p]laintiff . . . emotional distress . . . .").

Fourth, plaintiff has not pleaded any severe emotional distress. *Ruth*, 377 S.E.2d at 413. There is no allegation of "any objective physical injury caused by the [alleged] stress"—all physical injuries stem from the alleged altercation. *Russo*, 400 S.E.2d at 163; *see also McPhearson v. Anderson*, 873 F. Supp. 2d 753, 761 n.8 (E.D. Va. 2012); *Zhang v. Regan*, 10-CV-1329 (TSE),

2011 WL 1456188, at *7 (E.D. Va. Apr. 14, 2011) (dismissing IIED claim in part because plaintiff "failed to allege symptoms or manifestations of a physical injury from her emotional distress"). Plaintiff has, at best, alleged emotional distress in the form of "public humiliation, insomnia, depression, and anxiety." Am. Compl. ¶ 97.  But such distress is not severe enough as a matter of law. *Harris v. Kreutzer*, 624 S.E.2d 24, 34 (Va. 2006) ("[Plaintiff] failed to plead facts sufficient to support the severity element. . . .  [Plaintiff] alleged she suffered severe psychological trauma and mental anguish affecting her mental and physical well-being.  Symptoms of her anguish include nightmares, difficulty sleeping, extreme loss of self-esteem and depression, requiring additional psychological treatment and counseling.  In addition, she claims to have suffered mortification, humiliation, shame, disgrace, and injury to reputation. . . .  [Plaintiff] . . . fails to allege injuries that 'no reasonable person could be expected to endure.'" (quoting *Russo*, 400 S.E.2d at 163)); *McPhearson*, 873 F. Supp. 2d at 761 ("Virginia case law demonstrates that 'extreme emotional distress' is a strong bar to claims of this nature." (citations omitted)).  In sum, if plaintiff's case against Mr. Van Buren is neither jurisdictionally defective nor lacking proper venue, then plaintiff's IIED claim should at least be dismissed for failing to plead any elements of the claim.

## IV.    CONCLUSION

Plaintiff has already received a remedy for the alleged altercation, and the VWCA forbids him from double dipping against Mr. Van Buren.  The Court is thus without subject matter jurisdiction over the case, and it should be dismissed with prejudice.  Alternatively, a prejudicial dismissal is also warranted because the Court lacks personal jurisdiction over Mr. Van Buren, as well as venue over the action, as he is not a resident of DC and the alleged altercation occurred in the Eastern District of Virginia.  Finally, under the assumption that the case against Mr. Van Buren

can proceed in this Court, then the IIED claim should at least be dismissed as plaintiff has not pleaded the requisite factual allegations to sustain such a claim.

DATED: February 21, 2020                      Respectfully submitted,

                                              */s/ Hugham Chan*

                                              Hugham Chan
                                              hugham.chan@kobrekim.com
                                              (DC Bar No. 1011058)
                                              Geoffrey J. Derrick
                                              geoffrey.derrick@kobrekim.com
                                              (DC Bar No. 242467)
                                              Kobre & Kim LLP
                                              1919 M Street, NW
                                              Washington, DC 20036
                                              Telephone: (202) 664-1900
                                              Facsimile: (202) 664-1920

                                              *Attorneys for Defendant Martin Van Buren*

**<u>Certificate of Service</u>**

I hereby certify that on February 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Hugham Chan*

Hugham Chan
hugham.chan@kobrekim.com
Kobre & Kim LLP
1919 M Street, NW
Washington, DC 20036
Telephone: (202) 664-1900
Facsimile: (202) 664-1920

*Attorney for Defendant Martin Van Buren*